IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENNIE WATSON, JASON STILLER, SR.,
JASON STILLER, JR. and
ALVIN "BEAU" BELLAMY,
Each Individually and on Behalf of
Others Similarly Situated                                              PLAINTIFFS

v.                                    No. 4:11-cv-843 KGB

SURF-FRAC WELLHEAD EQUIPMENT
COMPANY, INC.                                                          DEFENDANT

## OPINION AND ORDER

Plaintiffs, former hourly employees of Surf-Frac Wellhead Equipment Company

("SWECO"), bring this action to recover unpaid minimum and overtime wages pursuant to 29

U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were not

paid for all hours worked on-the-clock, that they were docked for lunches that they did not take,

and that they were required to work off-the-clock without pay. Plaintiffs have filed a motion to

certify this case as a collective action, for disclosure of contact information for potential opt-in

plaintiffs, and for approval of notice (Dkt. No. 8). They seek certification of the following class:

> All hourly employees who worked for Defendant in the State of Arkansas anytime
> within the three (3) chronological years immediately preceding November 30,
> 2011, and continuing thereafter through the date on which final judgment is
> entered in this action and who timely file (or have already filed) a written consent
> to be a party to this action pursuant to 29 U.S.C. § 216(b).

For the reasons that follow, plaintiffs' motion is granted.

## I.      Legal Standard

29 U.S.C. § 216(b) provides:

An action to recover the liability prescribed . . . may be maintained against any
employer . . . in any Federal or State court of competent jurisdiction by any one or
more employees for and in behalf of himself or themselves and other employees

similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

A majority of district courts in the Eighth Circuit utilize a two-step approach in collective action cases.

At the notice stage, the court determines, based on the pleadings and affidavits, whether notice should be given to potential class members.  The key issue is whether the members of the proposed class are similarly situated.  If the court allows notification, then a representative class is conditionally certified and notice is sent to the putative opt-in plaintiffs.  At the second stage, the court determines whether to decertify the class once discovery is largely complete.

*Smith v. Frac Tech Services, Ltd.*, 2009 WL 4251017 (E.D. Ark. 2009).  The Court adopts this approach.

Plaintiffs' burden at the notice stage is lenient, and is usually met by making a "modest factual showing," typically by the submission of affidavits, that plaintiffs and the putative class were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion.  *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937 (W.D. Ark. 2007) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001)).  The court can consider a variety of non-exclusive factors in determining whether employees are similarly situated.  They include:  (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar.  *Stone v. First Union Corp.*, 203 F.R.D. 532 (S.D. Fla. 2001) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996)).

2

## II.    Analysis

### A.    Conditional Certification

Plaintiffs submit the affidavits of three former hourly employees of SWECO, Bennie Watson, a former Branch Manager, Jason Stiller, Sr., a former Maintenance Supervisor, and Jason Stiller, Jr., a former Maintenance Technician, in support of their motion for conditional certification.[1]  Mr. Watson, Mr. Stiller, Sr., and Mr. Stiller, Jr. state that they and other hourly employees were required to work off-the-clock, had their pay docked for lunches they did not take, were not compensated for all the hours worked on-the-clock, and were not compensated for work performed away from the shop or after hours despite reporting the hours worked to a supervisor or manager.  The amended complaint alleges that Mr. Watson, Mr. Stiller, Sr., and Mr. Stiller, Jr. were not paid for the hours they were on call and that they were automatically docked 30 minutes for lunch regardless of whether they took lunch.  Mr. Watson, Mr. Stiller, Sr., and Mr. Stiller, Jr. state that these policies were universally applied to all hourly employees.

SWECO, citing *Smith v. Tradesmen Int'l Inc.*, 289 F. Supp. 2d 1369 (S.D. Fla. 2003), contends that plaintiffs differing job duties defeat conditional certification.  In *Smith*, a recruiter/program coordinator alleged that his employer failed to pay him overtime wages.  He sought certification of a collective action consisting of all recruiter/program coordinators and field representatives employed by Tradesmen nationwide within the last three years.  The court denied conditional certification, finding that the evidence submitted—three identical affidavits by employees with different job titles, different job responsibilities, and who worked in different geographic locations—was not enough to allow the court to make an informed decision on the issue of whether similarly situated employees existed.

---

[1] A fourth named plaintiff, Alvin "Beau" Bellamy, worked for SWECO as a welder/plug catcher supervisor.

Plaintiffs characterize *Smith* as a misclassification case, *i.e.*, one where a plaintiff challenges his classification as an exempt employee. In such a case, "job duties . . . will often be relevant to whether the employees are similarly situated . . . insofar as their job duties relate to whether they were correctly classified as exempt from the FLSA's overtime requirements." *Scholtisek v. The Eldre Corp.*, 229 F.R.D. 381, 389 (W.D.N.Y. 2005); *accord Smith*, 2009 WL 4251017. Plaintiffs assert that different job duties do not defeat conditional certification here because plaintiffs and putative class members were classified as hourly employees covered by the FLSA. Plaintiffs' position finds support in the case law. *Compare Young v. Cerner Corp.*, 503 F. Supp. 2d 1226 (W.D. Mo. 2007) (finding job duties relevant where salaried employees brought suit to recover overtime pay under the FLSA); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (W.D. Ark. 2003) (same), *with Burch v. Qwest Communications Int'l*, 500 F. Supp. 2d 1181 (D. Minn. 2007) (conditionally certifying collective action of non-exempt hourly employees despite defendant's contention that the employees' job duties varied); *Scholtisek*, 229 F.R.D. 381 (same); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358 (M.D. Ala. 1999) (same).

SWECO also argues that conditional certification is inappropriate because plaintiffs have failed to establish that there are other employees who wish to opt in to the proposed class. "Courts are split with respect to whether and how plaintiffs must demonstrate that those similarly-situated, putative class members are interested in joining the suit." *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008); *see, e.g., Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) (not requiring showing); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703 (N.D. Tex. 2008) (requiring showing). Courts in the Eighth Circuit are no exception. *See, e.g., Musticchi v. Little Rock*, No. 4:08-cv-00419 SWW (E.D. Ark. Feb. 2, 2009) (requiring showing); *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97

4

(S.D. Iowa 2008) (requiring showing); *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007) (not requiring showing).

This action is brought by four former hourly employees of SWECO.  Since the filing of plaintiffs' motion for certification of a collective action, a fifth former hourly employee of SWECO, Bobby Bryant, Jr., has consented to joining the action.  Assuming without deciding that the FLSA requires an employee to demonstrate that other employees are interested in the action, the Court finds, given the relatively small number of potential class members,[2] that plaintiffs have met their burden.  *See Ware v. T-Mobile USA*, 828 F. Supp. 2d 948 (M.D. Tenn. 2011) (finding sufficient interest where an employee opted into the action); *Daniel v. Quail Int'l, Inc.*, 2008 WL 3538564 (M.D. Ga. 2008) (finding sufficient interest where one employee consented to join and there was some evidence that others would likely join if they received notice); *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512 (S.D. Fla. 2006) (finding sufficient interest where at least one other employee wished to join).

SWECO contends that there is insufficient interest in the action because only one employee chose to opt in after receiving a letter from plaintiffs' counsel regarding the action. The letter does not indicate that its recipient may participate in the litigation, set a deadline for opting in, or otherwise resemble the form of notice provided in an FLSA collective action. Considering the letter's contents, and SWECO's admission regarding the size of the putative class, the Court is not persuaded by SWECO's argument.

For these reasons, the Court finds that plaintiffs have carried their lenient burden of establishing that they are similarly situated to other hourly employees of SWECO.  They have submitted some evidence of a common decision, policy, or plan designed to deny employees pay

---

[2] *See* Dkt. No. 13-1, at 6.

for all hours worked.  *See In re Pilgrim's Pride Fair Labor Standards Act Litig.*, 2008 WL 4877239 (W.D. Ark. 2008) (conditionally certifying collective action consisting of hourly workers of poultry processing plant who were allegedly not paid for donning, doffing, and cleaning protective gear); *Burch*, 500 F. Supp. 2d 1181 (conditionally certifying collective action consisting of hourly employees of telephone call center who were allegedly not compensated for work performed before, after, and during their shifts); *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777 (N.D. Ill. 2007) (conditionally certifying collective action consisting of hourly employees of mortgage company who were allegedly not compensated for work performed during meal breaks and were allegedly required to work at home and on weekends); *Iglesias-Mendoza v. LaBelle Farms, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) (conditionally certifying collective action consisting of hourly employees of poultry processing facility where declarations of named plaintiffs claimed that plaintiffs and other members of the class were paid less than minimum wage and were required to work more than 40 hours per week).  Therefore, the Court will conditionally certify the putative class for purposes of giving notice.

### B.    Notice

The Court has reviewed the proposed notice and approves it as to form, with the following change:  Under "(6) EFFECT OF NOT JOINING THIS SUIT," "Visions" should be changed to "SWECO".  To facilitate notice, SWECO is ordered to provide plaintiffs' counsel with the names and last known addresses of all hourly employees who worked for SWECO in the State of Arkansas for any period of time between November 30, 2008 and the present no later than November 1, 2012.  Plaintiffs shall have until January 30, 2013 to distribute notice and file opt-in consent forms with the Court.

### III.     Conclusion

For the foregoing reasons, plaintiffs' motion for certification of collective action, for disclosure of contact information for potential opt-in plaintiffs, and to send court-approved notice (Dkt. No. 8) is granted.

SO ORDERED this 18th day of October, 2012.


_Kristine G. Baker_

Kristine G. Baker
United States District Judge