IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENNIE WATSON, JASON STILLER, SR.,
JASON STILLER, JR. and
ALVIN "BEAU" BELLAMY,
Each Individually and on Behalf of
Others Similarly Situated                                                                PLAINTIFFS

v.                                         Case No. 4:11-cv-00843 KGB

SURF-FRAC WELLHEAD EQUIPMENT
COMPANY, INC.                                                                             DEFENDANT

### OPINION AND ORDER

This collective action arises from alleged Fair Labor Standards Act ("FLSA") violations on the part of defendant Surf-Frac Wellhead Equipment Company, Inc. ("Surf-Frac"). 29 U.S.C. § 201, *et seq*. The conditionally certified class in this collective action consists of current and former hourly employees who have worked for Surf-Frac in the state of Arkansas at any time since November 30, 2008. Plaintiffs allege the following in violation of the FLSA: (1) Surf-Frac failed to pay plaintiffs for hours worked "off-the-clock" during their time spent "on call"; (2) Surf-Frac improperly automatically deducted lunch breaks from plaintiffs' reported time; (3) Surf-Frac did not compensate plaintiffs for their time spent "on call"; and (4) Surf-Frac took unauthorized deductions from reported time worked by plaintiffs. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

Before the Court are two motions for partial summary judgment, one filed by plaintiffs and the other filed by Surf-Frac, and a motion to decertify the collective action. Plaintiffs filed a motion for partial summary judgment as to the applicability of the FLSA (Dkt. No. 52). Surf-Frac filed a response in opposition (Dkt. No. 62), and plaintiffs replied (Dkt. No. 67). Surf-Frac also filed a motion for partial summary judgment with respect to certain of plaintiffs' claims

(Dkt. No. 56). Plaintiffs filed a response (Dkt. No. 63), and Surf-Frac replied (Dkt. No. 71). Surf-Frac also filed a motion to decertify the collective action (Dkt. No. 58). Plaintiffs filed a response in opposition (Dkt. No. 65), and Surf-Frac replied (Dkt. No. 72).

For the reasons set forth below, the Court grants in part plaintiffs' motion for partial summary judgment, denies Surf-Frac's motion for partial summary judgment, and grants defendant's motion to decertify the collective action.

## I. Factual Background

All plaintiffs, current and former hourly employees of Surf-Frac, worked in various capacities for Surf-Frac, most within the state of Arkansas, at some time since November 30, 2008. The amended complaint alleges that Surf-Frac, in violation of the provisions of the FLSA, failed to compensate properly plaintiffs pursuant to a common scheme. Plaintiffs allege Surf-Frac: (1) did not pay plaintiffs for work done off the clock; (2) docked 30 minutes for plaintiffs' lunch every day, regardless of whether they actually took lunch; (3) required plaintiffs to be on call continuously, such that it interfered with their ability to enjoy that time for personal purposes, and did not pay plaintiffs for this on-call time; and (4) did not fully compensate plaintiffs for hours they worked and reported.

## II. Summary Judgment Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather,

the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs move for partial summary judgment as to the applicability of the FLSA. Plaintiffs claim that Surf-Frac is, and was at all relevant times, an employer covered by the provisions of the FLSA. Plaintiffs claim Surf-Frac engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203, and that Surf-Frac has had annual gross operating revenues in excess of $500,000. Surf-Frac admits that it meets the definitions of an employer covered by the FLSA (Dkt. No. 4, ¶¶116 & 118; Dkt. No. 62, ¶2). At this time, Surf-Frac has not asserted any defenses alleging that any plaintiff is an exempt employee under the FLSA (Dkt. No. 62, ¶3).

Though Surf-Frac filed a response in opposition to plaintiffs' motion for partial summary judgment, it admits within its response that it is an employer covered by the FLSA (Dkt. No. 62, ¶2). Surf-Frac's only opposition to plaintiffs' motion is that, in regard to plaintiffs' request for a ruling as to any claimed exemption, it is an improper request for an advisory opinion, as Surf-

Frac has not raised an exemption defense resulting in no actual controversy on this point before the Court (Dkt. No. 62, ¶2).

Plaintiffs contend that, in their answer to plaintiffs' amended complaint, Surf-Frac alleges that it is without sufficient knowledge to determine whether it was plaintiffs' employer within the meaning of the FLSA (Dkt. No. 4, ¶¶88 & 89) and that it is without sufficient information to determine whether plaintiffs were entitled to overtime pay for hours worked over 40 hours a week (Dkt. No. 4, ¶10). Plaintiffs also contend that Surf-Frac in its answer further denied other relevant facts as to the applicability of the FLSA (Dkt. No. 4, ¶¶93, 95). Surf-Frac has not raised as an affirmative defense any exemption to the FLSA, and plaintiffs do not contend it has.

The Court finds no genuine issue of material fact as to the applicability of the FLSA. The Court determines that, on the facts viewed in the light most favorable to the nonmoving party, Surf-Frac at all relevant times has been an employer within the meaning of the FLSA. As there is no asserted exemption affirmative defense before the Court at this time, the Court declines to render an advisory opinion on that issue. If an exemption is asserted based on the proof presented at trial and a request that the pleadings be deemed to conform to the proof, the Court will rule on argument presented by the parties at that time.

### IV. Defendant's Motion for Partial Summary Judgment

Surf-Frac moves for partial summary judgment with respect to three of plaintiffs' claims: (1) that plaintiffs' time spent "on call" was compensable time; (2) that lunch breaks were automatically deducted from plaintiffs' reported time even if lunch was not taken; and (3) that Surf-Frac made unauthorized deductions from reported time worked by plaintiffs.

### A. Time Spent "On Call"

Surf-Frac first argues that it is entitled to summary judgment as to whether plaintiffs are entitled to pay based on time they spent "on call" pursuant to Surf-Frac's on-call policy. Surf-Frac's policy includes three conditions: (1) the employee be accessible by cell phone; (2) the employee not be under the influence of drugs or alcohol; and (3) the employee be within reasonable proximity to work. Plaintiffs do not dispute Surf-Frac's characterization of its on-call policy.

The Fair Labor Standards Act does not define when an employee is working for the employer, but the courts have construed the Act to determine that an employee's time is work for purposes of the Act if it is spent predominantly for the benefit of the employer. *Armour & Co. v. Wantock,* 323 U.S. 126, 133 (1944); *Reimer v. Champion Healthcare Corp.*, 258 F.3d 720, 725 (8th Cir. 2001). Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case. *Armour*, 323 U.S. at 133. Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged. *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944).

As the Eighth Circuit explained in *Cross v. Arkansas Forestry Commission*:

> Time spent away from an employer's premises may constitute compensable hours of work if conditions imposed by an employer restrict the employee from using the time for personal pursuits. Although there is no legal formula to resolve cases so varied in their facts, determining whether conditions are sufficiently restrictive to require compensation is a question of fact to be resolved by appropriate findings of the trial court. . . .

938 F.2d 912, 916 (8th Cir. 1991) (citations omitted).

Surf-Frac cites authority that on-call policies similar to Surf-Frac's policy may not be considered compensable time. *See, e.g.*, *Reimer v. Champion Healthcare Corp.*, 258 F.3d 720, 725 (8th Cir. 2001) (finding that an on-call policy requiring employees to be reachable by cell

5

phone or pager, prohibiting employees from consuming alcohol and taking mind-altering drugs, and reporting to work within 20 minutes allowed employees to "pursue a virtually unlimited range of activities while on call" and thus was not compensable time under the FLSA); *Phillips v. City of Pine Bluff, AR*, 5:07CV00207 JLH, 2008 WL 2351036 (E.D. Ark. June 4, 2008) (similar).  Although Surf-Frac's on-call policy is similar to the employer's in *Reimer*, the instant case is notably distinct because it required plaintiffs to be on call 24 hours a day, seven days a week for the entirety of plaintiffs' employment with Surf-Frac.  The trial court in *Reimer*, on the other hand, in making its determination that plaintiffs' on-call time was not compensable noted that "the longest period of call time is a weekend," "employees may trade call," and "employees are not frequently called in more than once per on-call shift."  *Wisnewski v. Champion Healthcare Corp.*, CIV. A3-96-72, 2000 WL 1474414, *5 (D.N.D. Jan. 11, 2000) aff'd sub nom. Reimer v. Champion Healthcare Corp., 258 F.3d 720 (8th Cir. 2001).

Surf-Frac also cites a Fifth Circuit case regarding employees subject to an on-call policy applicable to employees for almost one year where the court found plaintiff's time spent on call was not compensable.  *Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671 (5th Cir. 1991).  However, *Bright* is distinguishable factually.  The plaintiff in *Bright* was on call for almost one year during a several year employment relationship while plaintiffs in the instant case have alleged they were on call for the entirety of their employment relationship—spanning multiple years for almost half the plaintiffs.

The Court at this time declines to extend, as a matter of law, the holding of *Reimer* to include employees always subject to an on-call policy.  At this stage in the proceedings, the Court does not yet find that the compensability of on-call time is unrelated to the amount of time employees were required to be on call.  Rather, the Court notes the fact-intensive inquiry courts

employ in determining whether on-call time is compensable. *See, e.g.*, *Skidmore.*, 323 U.S. at 137 ("Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged."); *Cross*, 938 F.2d at 916 (same). The Supreme Court and the Eighth Circuit have stressed that the Courts must use a "practical approach based on the realities of each case." *Armour,* 323 U.S. at 133; *Reimer*, 258 F.3d at 726. In this case, viewing the facts in the light most favorable to the non-moving party, the Court finds that the amount of time plaintiffs were required to be on call and the frequency with which they were required to respond to calls may prove that plaintiffs were engaged to wait, not that they waited to be engaged. Plaintiffs have presented sufficient evidence with regard to the compensability of their time spent on call to establish a genuine issue of fact to be decided at trial. Accordingly, the Court denies Surf-Frac's motion for summary judgment with regard to the compensability of on-call time.

### B. Automatic Deduction of Lunch Breaks

Surf-Frac next argues that it is entitled to summary judgment as to whether it automatically deducted lunch periods from plaintiffs' recorded time. Surf-Frac claims that it did not have a policy of automatically deducting 30 minutes from plaintiffs' compensable time unless an employee both failed to record his time and to turn in a time sheet correction (Dkt. No. 57, at 6). Surf-Frac correctly notes that plaintiffs bear the burden to show that they performed compensable work during lunch and were not properly paid. *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 783 (8th Cir. 2009). This burden of proof is "no different than other overtime claims where it is the plaintiff's burden to show (1) that the plaintiff has performed compensable work and (2) the number of hours for which the plaintiff has not been properly paid." *Id.*

Plaintiffs correctly contend as undisputed that Surf-Frac had problems with its timekeeping systems at several points in plaintiffs' employment and that Surf-Frac had a written

7

policy relating to deducting automatically 30 minutes for lunch where a plaintiff was not clocked in under certain circumstances, despite Surf-Frac's representations in its moving papers about how this policy was applied. These undisputed facts, taken in the light most favorable to plaintiffs, cast doubt on the validity of Surf-Frac's timekeeping and pay records.

As for plaintiffs' contention that they worked hours for which they were not paid, the Court observes that plaintiffs pass the threshold to survive summary judgment on this point by the thinnest of margins. It remains to be seen, given the statements in plaintiffs' affidavits and plaintiffs' depositions as quoted in other briefings, whether plaintiffs at trial will be able to prove sufficient specific facts on this claim.

Overall, on the record before the Court, viewing the facts in the light most favorable to the plaintiffs at this stage, plaintiffs have raised questions of disputed fact sufficient to survive summary judgment. Accordingly, the Court denies Surf-Frac's motion for summary judgment with regard to automatic lunch deductions.

### C. Pay for Time Recorded and Unauthorized Deductions from Time

Surf-Frac's final argument in its motion for partial summary judgment is that it is entitled to summary judgment as to whether it paid plaintiffs for all time recorded and whether it made unauthorized deductions of time. Surf-Frac alleges that, with the exception of opt-in plaintiff Justin Jackson, it paid plaintiffs for all the time they were clocked in the timekeeping system and all the time plaintiffs reported to the manager or office manager (Dkt. No. 57 at 7–9). However, plaintiffs have alleged sufficient facts concerning the effective operation of the timekeeping systems employed by Surf-Frac to establish a genuine issue of material fact as to whether Surf-Frac's timekeeping systems accurately recorded plaintiffs' time worked and as to whether Surf-Frac took deductions from the time plaintiffs reported. Plaintiffs allege Surf-Frac's automatic

timekeeping systems frequently malfunctioned and did not accurately record plaintiffs' hours (Dkt. No. 63 at 11). Plaintiffs further allege that Surf-Frac did not pay plaintiffs for all the hours they personally reported (Dkt. No. 63 at 12). Surf-Frac admits there were various problems with its timekeeping system, including day-to-day problems employees had clocking in, periods when the time clock did not work, and changes to the timekeeping system (Dkt. No. 57 at 8; Dkt. No. 59, ¶¶6, 15). Given the inconsistency of the timekeeping system, viewing the facts in the light most favorable to the non-moving party, the Court believes a reasonable jury could find that Surf-Frac's timekeeping system did not accurately reflect the time plaintiffs thought they were clocked in and could find that Surf-Frac took unauthorized deductions from the time plaintiffs reported to Surf-Frac. The Court therefore denies Surf-Frac's request for summary judgment with regard to whether it paid plaintiffs for all time recorded and whether it made unauthorized deductions of time.

### V.  Defendant's Motion to Decertify the Collective Action

Finally, Surf-Frac moves to decertify the collective action in this case. Section 216(b) of the FLSA allows a plaintiff to bring claims seeking minimum wage or overtime payments as a collective action on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Eastern District of Arkansas has held that "[t]he fundamental inquiry in determining whether a collective action under § 216(b) is appropriate is whether or not the plaintiffs are similarly situated." *Douglas v. First Student, Inc.*, 888 F.Supp.2d 929, 933 (E.D. Ark. 2012) (citations omitted). This inquiry focuses on whether the plaintiffs can show that the employer "engaged in a unified policy, plan, or scheme of FLSA violations," or that their positions were "similar, not identical to the positions held by the other class members." *Id.* (citations omitted).

The Eastern District of Arkansas splits this inquiry into two parts, initial certification and decertification. At the initial certification stage, the plaintiff is not held to a rigorous burden and must only show that there is a colorable claim and that a class of similarly situated plaintiffs exists. *Id.* At the decertification stage, however, the standard is stricter, and three factors are considered: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.*; *Wright v. Pulaski County*, No. 4:09-cv-00065, 2010 WL 3328015, at *9 (E.D. Ark. Aug. 24, 2010). As the court in *Douglas* stated, "[t]he essential question is whether the difference among the plaintiffs outweigh the similarities of the practices to which they were allegedly subjected." 888 F.Supp.2d at 933 (citations omitted).

The Court finds that the FLSA violations plaintiffs allege do not on their face result from a "unified policy, plan, or scheme of FLSA violations." Plaintiffs allege the following in violation of the FLSA: (1) Surf-Frac failed to pay plaintiffs for hours worked "off-the-clock" during their time spent "on call"; (2) Surf-Frac improperly automatically deducted lunch breaks from plaintiffs' reported time; (3) Surf-Frac did not compensate plaintiffs for their time spent "on call"; and (4) Surf-Frac took unauthorized deductions from reported time worked by plaintiffs.

Two of these claims seem to allege a unified policy: Surf-Frac's alleged policy of automatically deducting lunch breaks and the failure of Surf-Frac to compensate employees for time spent on call. However, neither policy identified by plaintiffs violates the FLSA on its face. In order to prove conduct that violated the FLSA, plaintiffs will have to prove that the application of the policies to the individual plaintiffs, not the policies themselves, were unlawful.

With regard to the claim that plaintiffs' on-call time was compensable, the Court notes the fact-intensive inquiry required, including the amount of time each plaintiff was on

call/employed by Surf-Frac and how often each plaintiff was called in to work while on call. The Court finds no benefit to representative testimony in this regard.

With regard to the claims that Surf-Frac automatically deducted lunch breaks, failed to pay plaintiffs for hours worked off the clock, and took unauthorized deductions, in order to prove FLSA violations, each individual plaintiff will have to prove, among other things, that he worked more hours than he was paid and the number of hours per week he worked over 40 hours a week. None of these claims are properly decided through collective action.

Furthermore, the positions held by the named plaintiffs were not similar to the positions held by the other class members. The most obvious example of this is that named plaintiff Bennie Watson was a supervisor to other named and opt-in plaintiffs, making him an improper representative for the collective action. Additionally, opt-in plaintiff Michael Schrimsher never worked for Surf-Frac in Arkansas and, therefore, does not qualify based on the definition of the collective class; it is not clear he is a valid party in this case. Because the FLSA violations are best proved individually and because all plaintiffs did not hold similar positions, the Court grants Surf-Frac's motion to decertify the collective action.

The Court acknowledges plaintiffs' alternative request for relief—adding opt-in plaintiffs to the case as named plaintiffs. The Court also acknowledges that, based on briefings filed by the parties, depositions of certain opt-in plaintiffs may not have been completed until October 2, 2013, and Surf-Frac anticipated the possibility of moving to dismiss certain opt-in plaintiffs' claims based on their failure to appear for deposition. For these reasons, the Court will schedule a telephone hearing on plaintiffs' request that opt-in plaintiffs be added to the case as named plaintiffs.

SO ORDERED this 3rd day of October, 2013.

_____
Kristine G. Baker
United States District Judge