IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENNIE WATSON, JASON STILLER, SR.,
JASON STILLER, JR. and
ALVIN "BEAU" BELLAMY                                                    PLAINTIFFS

v.                              Case No. 4:11-cv-00843 KGB

SURF-FRAC WELLHEAD EQUIPMENT
COMPANY, INC.                                                           DEFENDANT

## OPINION AND ORDER

In their response to the motion to decertify the collective action filed by defendant Surf-Frac Wellhead Equipment Company, Inc. ("SWECO"), plaintiffs moved in the alternative to add opt-in plaintiffs as named plaintiffs (Dkt. No. 65). That motion is now before the Court. SWECO filed a supplemental brief regarding plaintiffs' request that opt-in plaintiffs be added as named plaintiffs (Dkt. No. 88), to which plaintiffs responded (Dkt. No. 89).[1] The Court conducted a telephone hearing on the motion. For the reasons set forth below, the Court denies plaintiffs' motion.

    A.    **Standard for Joinder under Rule 20**

Rule 20(a) of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in a single action if "they assert any right to relief, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 21(a)(1).

---

[1] Although plaintiffs have objected to SWECO's filing of an additional brief two hours prior to the telephone hearing as procedurally improper and unfairly prejudicial to plaintiffs, the Court will consider both SWECO's brief and plaintiffs' subsequent response, noting and considering the limited time plaintiffs had to file a response.

SWECO cites an Eastern District of Missouri case interpreting an Eleventh Circuit case for the proposition that the standard for joinder under Rule 20 of the Federal Rules of Civil Procedure is more stringent than the standard to maintain a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). *Adams v. City of Manchester*, 2012 WL 95611, *2 (E.D. Mo. Jan. 12, 2012) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.1996)). SWECO however, fails to note that the preceding half of the sentence cited in *Adams* states, "neither the FLSA or the Eighth Circuit Court of Appeals has defined the term 'similarly situated' as used in § 216(b) . . . ." *Adams*, 2012 WL 95611 at *2. Furthermore, *Adams* discusses provisionally certifying a collective action in a FLSA case while *Grayson* discusses adding severed plaintiffs from one class action to join similarly situated non-severed plaintiffs in another class action. Neither *Adams* nor *Grayson* are applicable on the facts or controlling law to the issue in the instant case of adding opt-in plaintiffs as named plaintiffs after a motion to decertify a previously provisionally certified class. Finding no controlling authority in the Eighth Circuit, the Court declines to adopt the language SWECO cites from these cases as controlling in the instant case.

SWECO also cites as an example for this Court's to follow a late motion to amend the complaint in *Wright v. Pulaski County*. 4:09-cv-00065-SWW, Docket No. 194, filed 9/24/2010, E.D. Ark. 2010. The Court finds again that the issue in the instant case is distinct from the case cited by SWECO. The would-be plaintiffs in *Wright* had not been deposed while the relevant opt-in plaintiffs in the instant case have all been deposed. Furthermore, the order in *Wright* was decided under a different standard—that used to amend pleadings past the deadline, not that used to join parties.

      B.     **Timeliness of Plaintiffs' Motion**

SWECO further argues that plaintiffs' request is untimely as past the deadline in the First Amended Final Scheduling Order. This argument is inconsistent with the facts of the case. Plaintiffs timely filed a motion to file a second substituted and amended complaint adding parties which the Court denied without prejudice to refiling at a later date. Plaintiffs' instant motion to add parties is consistent with the developments in the case.

### C. Prejudice and Risk of Jury Confusion

SWECO's final argument is that plaintiffs' request to add parties is prejudicial and creates risk of jury confusion. SWECO notes that, at trial, the jury will be required to keep separate the following information for each plaintiff—salary, start/stop dates, number of hours worked each week, number of additional overtime hours claimed each week, among other information.

The Court agrees with SWECO's argument that joining the opt-in and named plaintiffs at trial would create risk of jury confusion and that opt-in and named plaintiffs are not sufficiently similar to proceed in one trial. The Court thus dismisses without prejudice the claims of the opt-in plaintiffs. The Court notes that, in making this decision, it considers relevant the upcoming date of the trial, the date the motion to join opt-in plaintiffs as named plaintiffs was renewed, and the Court's determination that there are individual issues to be tried. The Court further notes that neither party briefed the Court on commonalities and differences among all of the opt-in plaintiffs or whether severance under Federal Rules of Civil Procedure 21 or 42 might be appropriate such that the Court could effectively sever the opt-in plaintiffs' claims and try their claims in subgroups.

To avoid prejudice to the opt-in plaintiffs in this case, the Court orders that the statute of limitations on opt-in plaintiffs' claims be tolled from the date each plaintiff opted in until the

date of this Order. Should they choose to institute another FLSA action against SWECO subsequent to this Order, opt-in plaintiffs may file another claim jointly and argue issues of commonality and severance at that time. Relevant among issues to be considered include, but are not limited to, the SWECO locations where opt-in plaintiffs worked, job duties, supervisors, rates of pay, and dates of employment.

* * *

Consistent with the opinion above, it is hereby ordered that the claims of all opt-in plaintiffs be dismissed without prejudice and that the statute of limitations on their claims be tolled from the date each plaintiff opted in until today's date.

SO ORDERED this 11th day of October, 2013.

_____
Kristine G. Baker
United States District Judge