**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BENNIE WATSON, JASON STILLER, SR.,
JASON STILLER, JR. and
ALVIN "BEAU" BELLAMY,
Each Individually and on Behalf of
Others Similarly Situated**                                          **PLAINTIFFS**

**v.**                              **Case No. 4:11-cv-00843 KGB**

**SURF-FRAC WELLHEAD EQUIPMENT
COMPANY, INC.**                                                    **DEFENDANT**

<u>**ORDER**</u>

Before the Court are the parties' motions *in limine*.  Plaintiffs filed a motion *in limine* (Dkt. No. 84) to which defendant responded (Dkt. No. 101) and plaintiffs replied (Dkt. No. 104). Defendant filed a motion *in limine* (Dkt. No. 81) to which plaintiffs responded (Dkt. No. 95). The Court heard additional argument on the motions during the October 17, 2013, pretrial telephone conference.  Subsequent to that conference, defendant filed a supplemental motion *in limine* (Dkt. No. 110).

1.      Plaintiffs seek to exclude certain witnesses from testifying at trial who plaintiffs claim were not disclosed by defendant prior to being identified in pretrial disclosures.  Defendant maintains that many of these witnesses were disclosed in initial disclosures, discovery responses, or amendments and supplements to these discovery documents.  Defendants concede, however, that not all witnesses were disclosed before being identified in pretrial disclosures.  To the extent any individual was disclosed by defendant in initial disclosures, discovery responses, or amendments and supplements to these discovery documents, the Court denies plaintiffs' motion. Defendant may call these individuals to testify as witnesses at trial.  The Court has taken the issue of excluding Tony McClinton, owner and CEO of defendant SWECO, and Billy Petty,

Chief of Operations of SWECO, as witnesses under advisement, pending a potential agreement on the issue from the parties.  If any other witness aside from Mr. McClinton and Mr. Petty was identified by defendant for the first time in pretrial disclosures, not during discovery, the Court grants plaintiffs' motion; defendants may not call such individuals to testify.

2.      Plaintiffs seek to exclude certain exhibits plaintiffs contend were not timely disclosed by defendant.  The Court understands that, as for documents related to the opt-in plaintiffs whose claims this Court has dismissed without prejudice, the parties agree such documents likely are not relevant. To the extent the parties believe such evidence becomes relevant at trial, the parties are directed to refrain from referring to such evidence in opening statements and to approach the bench before introducing or eliciting such evidence for any purpose.  As for the time punch cards which were produced for the first time after discovery and depositions of plaintiffs concluded, the Court grants plaintiffs' motion; the time punch cards are excluded.

3.      As for plaintiffs' request to exclude certain demonstrative summaries, to the extent the Court excludes documents or evidence based on a motion *in limine* or an objection by a party, the Court grants plaintiffs motion; such excluded documents or evidence may not be introduced through a demonstrative summary.

4.      As for plaintiffs' request to exclude the testimony of witnesses who did not work for defendant during the same time as plaintiffs at the same locations as plaintiffs, the Court construes this as an objection to potential witness testimony based on relevance. The Court directs that specific objections be made as to each witness to whom plaintiffs determine this objection applies; the Court will rule on specific objections that are made at trial.

5.      As for Fair Labor Standards Act exemptions, based on the parties' stipulated facts, this motion is moot.

6.      Plaintiffs request that this Court exclude damage estimates.  This motion is granted to the extent these estimates were produced by the parties solely for purposes of communicating regarding settlement or potential settlement.  To the extent these estimates were produced by the parties in discovery and not solely for the purposes of settlement, the Court has taken the issue under advisement.  The parties are directed to refrain from referring to such evidence in opening statements and to approach the bench before introducing or eliciting such evidence or testimony for any purpose.

7.      Plaintiffs request that this Court exclude evidence, testimony, and argument regarding plaintiffs' terminations and discipline. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial.  The parties are directed to refrain from referring to such evidence or testimony in opening statements and to approach the bench before introducing or eliciting such evidence or testimony for any purpose.

8.      Plaintiffs challenge defendant's ability to present evidence, testimony, and argument that, under the law, plaintiffs had a duty to report hours, to keep records, or to inform defendant of incorrect hours or pay.  The Court denies the request in advance of trial and directs that the parties object and request specific limiting instructions throughout the course of trial as these issues arise.  The Court will rule on objections and requests for specific limiting instructions when made at trial.

9.      Plaintiffs move *in limine* to exclude evidence, testimony, and argument regarding payments made by defendant to plaintiffs other than hourly wages.  The parties agree not to

introduce such evidence, testimony, or argument and also agree that vacation pay and PTO is not subject to this *in limine* motion.  To the extent any party believes such testimony, evidence, or argument becomes relevant at trial, the parties are directed to refrain from referring to such evidence in opening statements and to approach the bench before introducing or eliciting such evidence for any purpose.

10.   Plaintiffs request that this Court restrict defendant's use of plaintiffs' deposition transcripts.  The Court rules that the parties may use plaintiffs' deposition transcripts consistent with the Federal Rules of Evidence.  The Court directs that specific objections be lodged by the parties during the trial as these issues arise.

11.   Plaintiffs move *in limine* to exclude evidence, testimony, and argument related to plaintiffs' criminal records.  Federal Rules of Evidence 609 and 403 govern.  Without having a description of the specific evidence subject to this motion or the context in which such evidence may be introduced, the Court will not preclude the introduction of such evidence prior to trial.  The parties are directed to refrain from referring to such evidence or testimony in opening statements and to approach the bench before introducing or eliciting such evidence or testimony for any purpose.

12.   Both parties move *in limine* to exclude evidence, testimony, and argument related to plaintiffs' other lawsuits and claims.  Without having a description of the specific evidence subject to this motion or the context in which such evidence may be introduced, the Court will not preclude the introduction of such evidence prior to trial.  The parties are directed to refrain from referring to such evidence or testimony in opening statements and to approach the bench before introducing or eliciting such evidence or testimony for any purpose.

13.   Defendant requests that plaintiffs refrain from presenting any testimony, evidence, or argument relating to alleged FLSA violations and damages which are alleged to have occurred outside of defendant's Arkansas operations.   The Court has dismissed without prejudice the claims of the opt-in plaintiffs.   Therefore, the parties represent that this issue is now moot.   To the extent any party believes such testimony, evidence, or argument becomes relevant at trial, the parties are directed to refrain from referring to such evidence in opening statements and to approach the bench before introducing or eliciting such evidence for any purpose.

14.   Defendant requests that the Court direct plaintiffs to refrain from presenting any testimony, evidence, or argument relating to general estimates of hours worked that were uncompensated.   This request is denied.

15.   Defendant moves *in limine* to exclude evidence, testimony, and argument suggesting or inferring that the parties made an offer to effect a compromise and settlement of this lawsuit or any suggestion or inference that the lawsuit could not be or has not been comprised or resolved.   The parties agree to this request.   To the extent any party believes such testimony, evidence, or argument becomes relevant at trial, the parties are directed to refrain from referring to such evidence in opening statements and to approach the bench before introducing or eliciting such evidence for any purpose.

16.   Defendant moves *in limine* to exclude evidence, testimony, and argument regarding a comparison of the relative wealth of the parties or any indication that any party is wealthy and would be able to satisfy a money judgment that might be rendered.   The parties agree to this request.   To the extent any party believes such testimony, evidence, or argument becomes relevant at trial, the parties are directed to refrain from referring to such evidence in opening

statements and to approach the bench before introducing or eliciting such evidence for any purpose.

17.   Defendant moves *in limine* to exclude evidence, testimony, and argument regarding alleged financial difficulties experienced or that will be experienced in the future by plaintiffs or their families.  The parties agree to this request.  To the extent any party believes such testimony, evidence, or argument becomes relevant at trial, the parties are directed to refrain from referring to such evidence in opening statements and to approach the bench before introducing or eliciting such evidence for any purpose.

18.   Defendant moves *in limine* to exclude evidence, testimony, and argument that plaintiffs do not have the resources to present or prove their case.  The parties agree to this request.  To the extent any party believes such testimony, evidence, or argument becomes relevant at trial, the parties are directed to refrain from referring to such evidence in opening statements and to approach the bench before introducing or eliciting such evidence for any purpose.

19.   The Court has taken defendant's supplemental motion *in limine* under advisement (Dkt. No. 110).  The parties are directed to refrain from referring to the evidence referenced in that motion in opening statements and to approach the bench before introducing or eliciting such evidence or testimony for any purpose.

\* \* \*

Other than as stated above, the motions *in limine* are denied without prejudice to the right of counsel to object at trial.  For the foregoing reasons, plaintiffs' motion *in limine* and defendant's motion *in limine* are granted in part and denied in part.

SO ORDERED this 18th day of October, 2013.

_____
Kristine G. Baker
United States District Judge