**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BENNIE WATSON, JASON STILLER, SR.,
JASON STILLER, JR. and
ALVIN "BEAU" BELLAMY, et al.                                                                PLAINTIFFS

v.                                        Case No. 4:11-cv-00843 KGB

SURF-FRAC WELLHEAD EQUIPMENT
COMPANY, INC.                                                                                         DEFENDANT

**ORDER OF DISMISSAL**

Plaintiff Bennie Watson filed this matter on behalf of himself and all others similarly situated, asserting claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") (Dkt. No. 2). Before the Court is a joint motion for reconsideration of the Court's October 11, 2013, Order and joint stipulation and motion to dismiss with prejudice (Dkt. No. 115). The parties reached a settlement agreement in this case and hereby request that this Court partially reconsider its Order of October 11, 2013, in order to allow the resolution of claims that were or could have been brought by the putative opt-in plaintiffs Bobby Bryant, Jr., Dwayne Ray Swafford, Jeremy Askins, Clell David Light, Kip Guthrie, Justin Jackson, Kanen Skinner, and Michael Schrimsher. The parties request that this Court approve the settlement and dismiss the case with prejudice.

In the Court's October 11, 2013, Order (Dkt. No. 93), the Court denied leave to add the opt-in plaintiffs to the case and dismissed them from the case without prejudice. In light of the settlement agreement between the parties and for purposes of implementing the settlement, plaintiffs and defendant jointly motion the Court to reconsider that dismissal and add as plaintiffs Bobby Bryant, Jr., Dwayne Ray Swafford, Jeremy Askins, David Clell Light, Kip Guthrie, Justin Jackson, Kanen Skinner, and Michael Schrimsher so their claims can be dismissed as part of the

settlement. The Court grants the parties' motion and adds the above-named parties to the case for the purposes of resolving these claims and finalizing the parties' negotiated settlement agreement.

The parties filed the confidential settlement agreement and release in full of all claims with the Court under seal, and the Court has reviewed the terms of the parties' agreement. The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps. "First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The record before the Court does not indicate how the settlement figures were calculated. However, the sealed documents include settlement amounts and representations regarding those amounts as agreed to by all parties. For these reasons, and based upon the Court's review of other information in the pleadings filed and language in the settlement agreement and release, the Court determines that plaintiffs' recovery is reasonable to the former employees and furthers the implementation of the FLSA in the workplace. The Court approves the confidential settlement agreement and release in full of all claims.

It is therefore ordered that the complaint and all claims in this action against defendants are hereby dismissed with prejudice. The Court retains complete jurisdiction for 30 days to

vacate this order and to reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.

SO ORDERED this 20th day of November, 2013.

_____
Kristine G. Baker
United States District Judge